Filed 6/13/16  P. v. Arechar CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078528 |
| v. | (Super. Ct. No. CM041062) |
| DAVID GERONIMO ARECHAR, JR., | |
| Defendant and Appellant. | |

Defendant David Geronimo Arechar, Jr., pleaded no contest to felony battery with serious bodily injury and admitted a prior strike conviction.  At sentencing, the trial court denied defendant's motions to strike the prior serious felony conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and to reduce the felony conviction to a misdemeanor.  The court then imposed a six-year prison sentence.

1

On appeal, defendant asserts the trial court erred in refusing to reduce his felony battery conviction to a misdemeanor, and argues his motion to strike his prior serious felony conviction should have been granted. We conclude the trial court did not abuse its discretion in denying these motions.

BACKGROUND

On the evening of February 6, 2014, defendant went to the home of Richard Stone and knocked on the kitchen door. When Stone opened the door, defendant punched him in the face. Stone collapsed, bleeding profusely from his head. Defendant stood over Stone and yelled that he did not want his wife coming to Stone's house anymore. Stone's eyes rolled back in his head and he lost consciousness. Stone was taken to the hospital by ambulance.

Defendant's wife told a sheriff's deputy that defendant had been drunk and "acting out," so she took her children and left the family residence earlier that night. While the deputy was talking to defendant's wife, defendant called her and the deputy overheard defendant say, "I knocked that fucker out."

Defendant was later arrested. While he was being taken to the Butte County Jail, defendant said he had been drinking alcohol and was currently off his bipolar medication. Defendant was charged with two felonies: battery with serious bodily injury and assault by means likely to produce great bodily injury, with an enhancement for great bodily injury. The People further alleged defendant was twice previously convicted of strike offenses.

Defendant pleaded no contest to felony battery with serious bodily injury and admitted one prior strike conviction, in exchange for dismissal of the remaining charge and the second prior strike allegation, and a maximum prison term of eight years.

2

Following entry of his plea, defendant filed a motion to dismiss the remaining prior strike conviction under *Romero*.

In support of his *Romero* motion, defendant claimed Stone's injuries were the result of a "freak accident" from an open-handed slap to the face. He also argued the prior strike conviction, a 2003 robbery, was "a single act of aberrant behavior which occurred 12 years ago." Defendant also noted he suffers from bipolar disorder and had a prescription for drugs, but his Medi-Cal coverage lapsed before he punched Stone, which caused him to act "abnormally and without thinking clearly." He admitted he was using methamphetamine in the days leading up to his attack on Stone, but defended the drug use by saying he was "self-medicating like most addicts with mental health problems who are off their medications."

Defendant's criminal record as an adult begins in 1999 and includes six prior felony convictions, eight misdemeanor convictions, two probation violations, and a parole violation. Defendant's convictions include statutory rape, domestic violence, assault by means likely to produce great bodily injury, robbery, making criminal threats, drunk driving, receiving stolen property, driving with a suspended license, and fleeing a pursuing officer.

Prior to sentencing, defendant also filed a statement of mitigation requesting probation, and a motion to reduce his battery conviction to a misdemeanor under section 17, subdivision (b). In support of the motion to reduce his battery conviction to a misdemeanor, defendant asserted he acted in self-defense. He said he wanted to participate in a drug treatment program as a condition of probation to be with his wife and children, and included an acceptance letter from a drug treatment program. He also acknowledged his mental illness and said he takes his medications when they are

prescribed, but, because of a bureaucratic problem, he did not have access to his medications at the time of his attack on Stone.

Regarding defendant's motion to reduce his battery conviction to a misdemeanor, the trial court said, "the motion is denied in light of the defendant's lengthy and significant criminal history and [the] nature and seriousness of the present offense.

"[Defendant] claims that he acted in self-defense in committing this crime. The court does not see it as a case of self-defense. Going to someone's house and confronting [him] and striking [him] is not self-defense. You cannot claim self-defense when you go to someone's property and strike [him] and then brag that you were able to knock [him] out."

The court also denied defendant's *Romero* motion: "The facts of this case and the defendant's criminal history do not justify dismissing the strike. In the present case, defendant went over to [the] victim's house, while under the influence of methamphetamine and alcohol, verbally confronted the victim, and then struck him in the head, knocking him unconscious." The court disagreed with defendant's statement he "never had the opportunity to avail himself of drug and alcohol treatment." Instead, the court stated, "[e]very day the defendant has been out of custody, he has been able to voluntarily engage in drug and alcohol treatment, and he has chosen not to do so."

Finally, the court noted defendant's "adult and juvenile criminal history extend back 22 years," and defendant already negotiated to have one of his prior strikes dismissed. Thus, the court concluded, "defendant appears to sit squarely within the three strikes law, and the Court is declining to strike the prior strike and the motion is denied." The court then sentenced defendant to serve six years in state prison.

DISCUSSION

**I**

### *Denial of Motion to Reduce Felony to Misdemeanor*

Defendant contends the trial court abused its discretion in denying his motion to reduce the felony conviction to a misdemeanor. We are not persuaded.

Penal Code section 17, subdivision (b),[1] "authorizes the reduction of 'wobbler' offenses -- crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors -- upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3))." (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974.) "The governing canons are well established: 'This discretion . . . is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not impede or defeat the ends of substantial justice. [Citations.]' [Citation.]" (*Id.* at p. 977.) On appeal, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]"[2] (*Id.* at p. 977-978.)

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     California Rules of Court, rule 4.410 provides: "(a) General objectives of sentencing include: [¶] (1) Protecting society; [¶] (2) Punishing the defendant; [¶] (3) Encouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses; [¶] (4) Deterring others from criminal conduct by demonstrating its consequences; [¶] (5) Preventing the defendant from committing new crimes by

Here, defendant has not carried his burden of establishing an abuse of discretion. In denying defendant's motion to reduce his battery conviction to a misdemeanor, the trial court noted defendant's "significant criminal history and [the] nature and seriousness of the present offense." The court also rejected defendant's claim of self-defense, observing defendant initiated the confrontation at Stone's house then bragged to his wife about knocking Stone out. We conclude there was no abuse of discretion.

## II

### *Denial of Motion to Dismiss the Prior Strike Conviction*

Defendant also contends the trial court abused its discretion by declining to strike his prior strike conviction under *Romero*. Again, we are not persuaded.

Section 1385, subdivision (a), provides that a "judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." In *Romero*, our Supreme Court held a trial court may utilize section 1385, subdivision (a), to strike or vacate a prior strike conviction for purposes of sentencing under the three-strikes law, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero, supra*, 13 Cal.4th at p. 504.) Similarly, a trial court's "failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

---

isolating him or her for the period of incarceration; [¶] (6) Securing restitution for the victims of crime; and [¶] (7) Achieving uniformity in sentencing. [¶] (b) Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge must consider which objectives are of primary importance in the particular case. The sentencing judge should be guided by statutory statements of policy, the criteria in these rules, and the facts and circumstances of the case."

6

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at pp. 376-377.)

We are also mindful that " 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he [or she] actually fell outside the Three Strikes scheme." ' [Citation.]" (*Carmony, supra*, 33 Cal.4th at p. 377.) "[T]he court in question must consider whether, in light of the nature and circumstances of his [or her] present felonies and prior serious and/or violent felony convictions, and the particulars of his [or her] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; *Carmony, supra*, 33 Cal.4th at p. 377.)

7

Thus, the three strikes law "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony, supra*, 33 Cal.4th at p. 378.) This presumption will be rebutted only in an "extraordinary case -- where the relevant factors described in *Williams, supra*, 17 Cal.4th 148, manifestly support the striking of a prior conviction and no reasonable minds could differ." (*Ibid.*)

Here, the trial court considered the relevant factors. With respect to the nature and circumstances of defendant's present offense, the trial court found defendant initiated contact with Stone while under the influence of methamphetamine and alcohol, verbally confronted the victim, and then struck Stone hard enough to render him unconscious. With respect to the nature and circumstances of defendant's prior strike offenses, the court found defendant had sustained seven prior felony convictions (three of them for violence or threat of violence), eight prior misdemeanor convictions, and defendant was on probation for a DUI, driving on a suspended license, and evading the police at the time of the present offense. The court also noted one of the prior strike offenses had already been stricken as part of the plea agreement.

Regarding defendant's background, character, and prospects, the trial court observed defendant's adult and juvenile criminal history extends back 22 years. The court also observed defendant had multiple opportunities to avail himself of alcohol and drug treatment but chose not to do so. In short, the court found that "defendant appears to sit squarely within the three strikes law," and "[t]he facts of this case and the defendant's criminal history do not justify dismissing the strike." This was not an abuse of discretion.

DISPOSITION

The judgment is affirmed.

                                   /s/

                             HOCH, J.

We concur:


         /s/

BLEASE, Acting P. J.


         /s/

NICHOLSON, J.

9